[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Eileen Thornhill was the owner of certain premises commonly known as 195 Wheelers Farm Road in Milford, Connecticut. The named defendant was the Inland Wetlands Agency of the City of Milford. The commissioner of environmental protection represented by the office of the attorney general also appeared in the case as a defendant in accordance with applicable statutes.
By a letter dated April 26, 1993, the city notified Ms. Thornhill of a violation of the Milford Inland Wetlands regulations because of filling which it alleged occurred within fifty feet of a wetlands watercourse without a permit. The alleged filling was at 195 Wheelers Farm Road, map 86, block 914, parcel 1B, inland wetlands map 27. The April 26, 1993 letter contained a cease and desist order and informed Ms. Thornhill that a hearing concerning the violation would be held on May 5th at 7:30 P.M. in conference room A of the town office complex in Milford. At that time she would be given an opportunity to be heard and to show cause why the order should not remain in effect.
The public hearing was duly held on May 5, 1993 and at that time Ms. Thornhill did not appear. Counsel for Ms. Thornhill stated at the argument on the matter, without contradiction, that she was aged and infirmed.
At the public hearing, Mr. Blake who identified himself as Eileen Thornhill's son, claimed to appear on her behalf. At argument on the matter the attorney for Ms. Thornhill denied that Mr. Blake was authorized to represent his mother at the time of the public hearing.
At the commencement of the public hearing, Mary Rose Palumbo, the Inland Wetland's Compliance Officer for the town, made the following statement: CT Page 11157
 "I visited the site, found concrete impaled within a regulated area on the site. Appears to be a history of dumping and storage of vehicles on site and while the maps don't show the area to be wetlands, the vegetation typography, etc. suggests that there is a wetland on the property. The property owner's son, Mr. Blake, called and said he would be here this evening with his lawyer."
Mr. Blake, whether or not he was representing his mother, offered no real evidence that contradicted the town's assertion that the area was a wetland or that filling was occurring. Mr. Blake tended to be somewhat obstreperous and argumentative at the hearing. At one point he stated:
 "The stream won't be there tomorrow morning, I'll bring a 250 up and push the pile up so high, you'll never get another drop of water down my driveway."
Following the quoted language the chairman ended the discussion and after some discussion among the commission members the commission voted to affirm the cease and desist order.
The Milford Inland Wetlands regulations contain the following relatively typical language:
"3.1 determination of boundaries."
 The map of regulated areas, entitled "Inland Wetlands and Water Courses Map Milford, Connecticut" delineates the general location and boundaries of the inland Wetlands and the general location of watercourses. Copies of this map are available for inspection in the office of the town/city clerk in the Inland Wetlands Agency. In all cases, the precise location of regulated areas shall be determined by the actual character of the land, the distribution of wetland soil types, and the location of watercourses. Such determinations shall be made by field inspection and testing conducted by a soil CT Page 11158 scientist where soil classifications are required, or where watercourse determinations are required, by qualified individuals. [Emphasis supplied]
It is conceded that the Thornhill property is not within the areas shown as wetlands on the Milford map. The court relies on Ahearn et al. v. Inland Wetlands Conservation Commission of The Town of South Windsor et al., 8 Conn. L. Rptr. 2, 35 (1/11/93) to support the proposition that the mere fact that property is not shown on the wetlands map does not deprive the agency of the right to regulate it. The South Windsor regulation in Ahearn like the Milford regulation in Thornhill, made it clear that the maps simply give general locations and that precise locations are determined by the actual character of the land and an examination of the area in question.
The court agrees with Ms. Thornhill that she had the right to be heard concerning the classification of her land. If the town had initiated the classification of her land within the area shown on the wetland map, a public hearing would have been required under the town's regulations. However, it appears to the court that the opportunity to be heard at a public hearing was extended to Ms. Thornhill on May 5, 1993. Depending upon the authority of Mr. Blake to appear on her behalf, Ms. Thornhill either chose not to participate or participated with a representative who produced no convincing evidence that outweighed the testimony of Ms. Palumbo concerning both the location of the wetland and the fill of the wetland.
Section 4-183(j) dealing with these types of administrative appeals provides:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on the questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of persons appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly CT Page 11159 erroneous in view of the reliable probative and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abusive discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal. . ."
The testimony of Ms. Palumbo at the public hearing combined with no substantial contradictory testimony from the plaintiff may support the conclusions of the local commission.
However, no evidence was presented that Mary Rose Palumbo was a soil scientist. The parties appear to concede that in fact she was not a soil scientist. It would appear appropriate that when properties are added to the wetlands area, the owner whose rights will be diminished by the determination has the right to have the diminution of rights supported by the testimony of a soil scientist.
The Town of Milford has shown its sensitivity to the rights of its citizens by requiring the expert testimony of a soil scientist before it makes a wetlands determination.
By designating Ms. Thornhill's property without such testimony the town has failed to follow its own procedure. Accordingly, the Court holds that the town's action was "made upon unlawful procedure" and that the failure to follow its procedures has deprived Ms. Thornhill of a right to have the determination supported by the testimony of a soil scientist.
The matter is remanded to the agency with directions to hold a new public hearing at which evidence is received from a soil scientist testifying at town expense.
If the evidence presented at that hearing warrants a conclusion that a regulated activity has occurred within a wetland, mapped or unmapped, the town may proceed with appropriate enforcement action.
Kevin E. Booth, Judge CT Page 11160